## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN MCCULLOCH,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-0752-15-0353-I-1

DATE: September 25, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

John McCulloch, Waimea, Hawaii, pro se.

Andrea Maglasang-Miller, Pearl Harbor, Hawaii, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his indefinite suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2  The following facts are undisputed. The appellant is a GS-12 Civil Engineer for the agency, stationed at the Pacific Missile Range Facility in Kauai, Hawaii. Initial Appeal File (IAF), Tab 6 at 4, 51. On June 26, 2014, Kauai police arrested the appellant at work on suspicion of firearms violations. *Id*. at 5. Based on this arrest, the agency barred the appellant from entering the Pacific Missile Range Facility and all other Naval installations in Hawaii, and it placed him on administrative leave. *Id*. at 32-38. On September 10, 2014, the appellant was indicted by a Hawaii grand jury on 1 count of possession of a prohibited magazine inserted into a pistol, 13 counts of failure to register a firearm, and 1 count of alteration of firearm identification marks. *Id*. at 39-44. The indictment concerning the magazine was for a felony, punishable by imprisonment for 5 years without probation. IAF, Tab 6 at 39-40; Haw. Rev. Stat. § 134-8(c), (d). The remaining indictments were for petty misdemeanors. IAF, Tab 6 at 39-44; Haw. Rev. Stat. §§ 134-3(b), 134-10, 134-17(c). Effective January 23, 2015, the agency indefinitely suspended the appellant pending final adjudication of the criminal charges and any resulting administrative action. IAF, Tab 6 at 13-15.

¶3    The appellant filed a Board appeal and waived his right to a hearing. IAF, Tab 1 at 3, Tab 15 at 1. He argued that the criminal charges were false, his barment was improper, he would be unlikely to face prison even if convicted, and that he should be allowed to return to duty pending the outcome of the criminal proceedings. IAF, Tab 1 at 6, Tabs 18-19. The administrative judge issued an initial decision affirming the indefinite suspension. IAF, Tab 21, Initial Decision (ID) at 1-5.

¶4    The appellant has filed a petition for review, disputing some of the administrative judge's fact findings as well as some of the criminal charges. Petition for Review (PFR) File, Tab 1 at 3. The agency has filed a response. PFR File, Tab 3. For the following reasons, we find that the appellant has failed to provide a basis for disturbing the initial decision.

The agency had reasonable cause to believe that the appellant committed a crime for which a sentence of imprisonment might be imposed.

¶5    An indefinite suspension is valid where: (1) there is reasonable cause to believe that the employee committed a crime for which a sentence of imprisonment may be imposed; (2) the suspension has an ascertainable end; (3) there is a nexus between the criminal charge and the efficiency of the service; and (4) the penalty is reasonable. *Albo v. U.S. Postal Service*, 104 M.S.P.R. 166, ¶ 6 (2006).

¶6    The administrative judge found, based on the grand jury indictment, that the agency had reasonable cause to believe that the appellant committed a crime for which a sentence of imprisonment might be imposed. ID at 3. On review, the appellant appears to dispute this finding. He argues that possession of a prohibited magazine is not a felony, and he is unaware of any cases in which an individual has gone to prison for possession of a prohibited magazine. PFR File, Tab 1 at 3. He also argues that failure to register a firearm is not a misdemeanor but a *petty* misdemeanor, and that alteration of an identification mark on a *toy* gun is not a crime of any sort. *Id*.

¶7		Regarding the charge of possessing a prohibited magazine, the appellant is correct that simple possession of such a magazine is not a felony. Haw. Rev. Stat. § 134-8(c), (d). However, the appellant was charged with possession of a prohibited magazine inserted into a pistol, which is a class C felony under Hawaii law, subject to 5 years' imprisonment. IAF, Tab 6 at 39-40; Haw. Rev. Stat. §§ 134-8(c), (d), 706-660(1)(b). As for the appellant's contention that he is unaware of anyone who actually served jail time for possession of a prohibited magazine, we find that the operative question is not whether he is likely to go to prison, but whether the agency has reasonable cause to believe that he committed a crime for which a sentence of imprisonment might be imposed. *See Albo*, 104 M.S.P.R. 166, ¶ 6. For the reasons explained in the initial decision, we agree with the administrative judge that the felony indictment was sufficient to satisfy this standard. ID at 3-4; *see Dunnington v. Department of Justice*, 956 F.2d 1151, 1157 (Fed. Cir. 1992) (finding that an indictment following an investigation and grand jury proceedings generally will provide more than enough evidence of possible misconduct to meet the threshold requirement of reasonable cause to suspend).

¶8		Regarding the appellant's argument that failure to register firearms is only a petty misdemeanor under Hawaii law, we agree. IAF, Tab 6 at 39-44; Haw. Rev. Stat. §§ 134-3(b), 134-17(c). However, given the appellant's felony indictment described above, we find this fact immaterial. We also find that, regardless of the classification of the charged offense, it still is punishable by imprisonment for up to 30 days. *See* Haw. Rev. Stat. § 706-663 (a court may sentence a person convicted of a petty misdemeanor to imprisonment for up to 30 days); *Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶¶ 10, 16 (2013) (upholding an indefinite suspension based on misdemeanor indictments carrying penalties of 6 months or more imprisonment).

¶9		Regarding the appellant's argument that he altered the identification markings on a toy gun and therefore committed no crime, we find that this is

essentially a challenge to the strength of the evidence underlying the criminal charge at issue. As the administrative judge correctly explained, the Board has never held that an agency must independently evaluate the strength of the underlying evidence against the appellant in an indefinite suspension case based on a criminal indictment; instead, the agency may rely solely on a grand jury indictment to prove that there is reasonable cause to believe that the employee is guilty of a crime for which a sentence of imprisonment may be imposed. ID at 3-4; *Dalton v. Department of Justice*, 66 M.S.P.R. 429, 436 (1995).

The indefinite suspension had an ascertainable end.

¶10     The administrative judge found that the indefinite suspension had an ascertainable end, i.e., the final resolution of the criminal proceedings against the appellant and any related administrative action that the agency decided to take against him. ID at 4. The appellant does not appear to challenge this finding and, based on our review of the agency's notice and decision letters, we agree with the administrative judge. IAF, Tab 6 at 13-14.

The agency established a nexus between the charge and the efficiency of the service.

¶11     The administrative judge found that the agency established a nexus between the efficiency of the service and the appellant's alleged conduct underlying the criminal charges because that conduct led the agency to bar him from his duty station so that he was unable to perform his essential job functions. ID at 4. On review, the appellant argues that his barment was based on charges of possession of automatic weapons and explosives and that these charges were later dropped. PFR File, Tab 1 at 3; IAF, Tab 6 at 32-37.

¶12     We find that this argument provides no basis to disturb the initial decision. The agency issued the barment shortly after the appellant's arrest, and well before the state formulated its charges and presented them to the grand jury. IAF, Tab 6 at 5, 32, 39. Thus, there appears to be some disconnect between the stated basis for the barment and the legal bases for the final indictment. However, we find

that the barment was based on the same general alleged criminal conduct underlying the indictment, and there is no indication in the record that the barment might be lifted before the criminal charges were resolved. We therefore agree with the administrative judge that there is a nexus between the appellant's alleged criminal conduct and the performance of his duties. ID at 4; *see Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987) (determining that an agency may establish a nexus between off-duty conduct and the efficiency of the service by showing that it affects the employee's job performance). To the extent that the appellant is arguing that the barment order itself was erroneous, we find that military commanders have broad authority to exclude civilians from their areas of control and that the Board lacks authority to review such national security determinations. *Department of Navy v. Egan*, 484 U.S. 518, 529-30 (1988) (holding that, unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the executive in military and national security affairs); *see United States v. Albertini*, 472 U.S. 675, 690 (1985) (finding that a commanding officer has broad authority to issue a barment letter, as long as the letter is not patently arbitrary or discriminatory); *Cafeteria and Restaurant Workers Union, Local 473, AFL-CIO v. McElroy*, 367 U.S. 886, 893-96 (1961) (determining that commanding officers traditionally have exercised unfettered discretion in excluding civilians from their area of control).

<u>The agency established that the indefinite suspension penalty was reasonable.</u>

¶13    The administrative judge found that the penalty of indefinite suspension was reasonable because the appellant had been barred from his duty station and all other Naval facilities in Hawaii, and the charges against him were "extremely serious." ID at 4-5. On review, the appellant argues that his conduct was not a crime under Federal law or "in 90% of the States," and therefore the administrative judge erred in finding that the criminal charges were extremely serious. PFR File, Tab 1 at 3. He also argues that the Department of Defense

has allowed other individuals facing up to 7 years of jail time for possession of illegal magazines to continue to work on base. *Id*.

¶14     Regarding the seriousness of the criminal charges, we find that the characterization of their seriousness is somewhat subjective, but we see no manifest error in the administrative judge's opinion that a felony charge carrying a penalty of 5 years' imprisonment is "extremely serious." ID at 5. Regarding the other employees whom the appellant alleges continue to work despite facing up to 7 years in prison for similar criminal charges, this appears to be an argument that the agency imposed disparate penalties. *See Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981) (noting that consistency of the penalty with those imposed upon other employees for the same or similar offenses is a relevant factor for the Board to consider in assessing the reasonableness of a penalty). We take it that the appellant is referring to the case of the individual that he discussed in his May 21, 2015 filing below. IAF, Tab 19. We find, however, that this individual was not similarly situated to the appellant because he worked for a different agency—the Department of Defense, not the Department of the Navy. *See Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 15 (2010) (pointing out that, to prove disparate penalties, an appellant must show that there is enough similarity between both the nature of the misconduct and the other factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently). For the reasons explained in the initial decision, we agree with the administrative judge that there is not a sufficient basis to disturb the agency's penalty determination. ID at 4-5.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.